**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-03019-NYW

ARTURO HERNANDEZ DIAZ,

Petitioner,

v.

JUAN BALTASAR,
MARKWAYNE MULLIN,
DENVER FIELD OFFICE DIRECTOR, and
TODD BLANCHE,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents filed a response to the Petition but declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 10 at 1]. Petitioner has filed a reply. [Doc. 12]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part** and **DENIED in part**.

**BACKGROUND**

Petitioner Arturo Hernandez Diaz ("Petitioner" or "Mr. Hernandez Diaz") entered the United States unlawfully in 2014. [Doc. 1 at 5 ¶ 2]. He has lived in the country for approximately twelve years. [*Id.* at 5 ¶ 1]. He is married to a United States citizen and

has two United States citizen children. [*Id.* at 5 ¶ 5]. An application for adjustment of status filed through his wife remains pending. [*Id.* at 5 ¶ 6]. He has one misdemeanor conviction for driving under the influence, from 2019 or 2020. [*Id.* at ¶ 8].

Mr. Hernandez Diaz is currently detained at an ICE facility in Aurora, Colorado. [*Id.* at 1]. In the Petition, he asserts a single claim. He alleges that Respondents treat him as detained under 8 U.S.C. § 1225(b)—and therefore ineligible for a bond hearing—while he contends he is properly detained under § 1226(a) and entitled to a bond hearing. [*Id.* at 2, 5]. As relief, he seeks immediate release. [*Id.* at 4; Doc. 12 at 1].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARDS

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

Because Mr. Hernandez Diaz proceeds pro se, the Court liberally construes his Petition and other filings. *See Haines v. Kerner*, 404 U.S. 519, 520– 21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court cannot and does not act as his advocate. *See Hall*, 935 F.2d at 1110.

## ANALYSIS

Mr. Hernandez Diaz's claim turns on whether his detention is governed by § 1225(b) or § 1226(a). The Court summarizes the statutory framework before turning to the facts of this case.

### I. Statutory Framework

Two statutory provisions govern detention of noncitizens before a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). The first, 8 U.S.C. § 1226, "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Another provision, 8 U.S.C. § 1225(b), "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1] Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit concluded that "§ 1225(b)(2)(A)'s application

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 10], so the Court does not address detention under this subsection.

is limited to the border." *Id.* at 1239-40.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

**II. Application to Petitioner's Claim**

Mr. Hernandez Diaz claims that Respondents are improperly treating him as held under § 1225(b), while he contends his detention is governed by § 1226(a). [Doc. 1 at 2, 5]. Respondents make no attempt to justify Mr. Hernandez Diaz's detention under § 1225(b), [Doc. 10], and the Tenth Circuit recently rejected such an argument, *see Santillan Quiroz*, 80 F.4th 1226. As this Court has explained, *Santillan Quiroz* controls where, as here, a noncitizen residing in the interior of the United States is detained without a bond hearing. *Villegas-Godoy v. Baltazar*, No. 26-cv-01842-NYW, 2026 WL 1954768, at *3–4 (D. Colo. July 6, 2026).

The same holds true here. Mr. Hernandez Diaz had been residing in the interior of the United States for approximately twelve years when he was detained, and the Government has asserted no other basis for detention. *See* [Doc. 1 at 5]. Mr. Hernandez Diaz's detention is therefore governed by § 1226(a). As this Court has held, and as *Santillan Quiroz* confirms, detention without a bond hearing or individualized custody determination violates § 1226(a). *See, e.g.*, *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *3 (D. Colo. Feb. 24, 2026); *see also Santillan Quiroz*,

180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

To the extent the Petition can be liberally construed as also raising a due process challenge, *see* [Doc. 1 at 5], the Court concludes that Mr. Hernandez Diaz's detention without a bond hearing violates his due process rights. At a minimum, given that he is detained under § 1226(a), "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026). And as explained above, that process is an individualized bond determination. *See Santillan Quiroz*, 180 F.4th at 1251 n.13; *see also, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784-85; *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1158 (D. Colo. 2026).

Accordingly, the Court **GRANTS** the Petition as to Petitioner's claim that his detention without an individualized custody determination violates § 1226(a) and due process.

### III. Appropriate Remedy

Mr. Hernandez Diaz requests immediate release. [Doc. 1 at 4; Doc. 12 at 1]. Respondents do not address this argument (or any substantively), but propose that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [Doc. 10 at 2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13)]. The Court agrees with Respondents.

Having concluded that Mr. Hernandez Diaz is detained under § 1226(a), the Court will order Respondents provide him with a constitutionally adequate bond hearing. Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 180 F.4th at 1251 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025); *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026).

Following the weight of authority in this District, the Court has required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No.

25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar*, 2026 WL 503313, at *5; *see also, e.g.*, *Garcia Abanil*, 817 F. Supp. 3d at 1159 ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to place burden on the Government in a similar case). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases). Because Petitioner may receive adequate process through a bond hearing, the Petition is respectfully **DENIED** as to the request for immediate release. Consistent with its usual practice, however, the Court will order Respondents to release Mr. Hernandez Diaz if they are unable to provide him with a prompt bond hearing.

Accordingly, Respondents are **ORDERED** to provide Mr. Hernandez Diaz with a bond hearing no later than **September 2, 2026**. At the bond hearing, the Government shall bear the burden of justifying Mr. Hernandez Diaz's detention by clear and convincing evidence. If Respondents do not provide Mr. Hernandez Diaz with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Mr. Hernandez Diaz must be immediately released from detention. On or before **September 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was

held, advise the Court of the date Mr. Hernandez Diaz was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** and **DENIED in part** as set forth herein;

(2) Respondents shall provide Mr. Hernandez Diaz with a bond hearing no later than **September 2, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Mr. Hernandez Diaz's continued detention is justified. If Respondents do not provide Mr. Hernandez Diaz with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Mr. Hernandez Diaz must be immediately released from detention; and

(3) On or before **September 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Mr. Hernandez Diaz was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: August 26, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge