**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03019-NYW

ARTURO HERNANDEZ DIAZ,

Petitioner,

v.

JUAN BALTASAR,
MARKWAYNE MULLIN,
DENVER FIELD OFFICE DIRECTOR, and
TODD BLANCHE,

Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner's Motion to Enforce Judgement [sic] Pursuant to 28 U.S.C. § 2241 and for Immediate Release (the "Motion" or "Motion to Enforce"). [Doc. 17]. The Motion is fully briefed. [Doc. 19; Doc. 20]. For the reasons set forth below, the Motion is respectfully **GRANTED**.

**BACKGROUND**

Petitioner Arturo Hernandez Diaz ("Petitioner" or "Mr. Hernandez Diaz") is a citizen of Mexico who has been present in the United States since 2014. [Doc. 17 at 3; Doc. 1 at 5]. He was detained by ICE officers in March 2026. [Doc. 17 at 3]. Three months later, he filed a petition for a writ of habeas corpus to challenge the legality of his detention. *See* [Doc. 1]. This Court granted the Petition on August 26, 2026, and ordered Respondents to provide Mr. Hernandez Diaz with a bond hearing no later than September 2, 2026. [Doc. 14 at 9]. The Court further ordered that "[a]t the bond hearing, the

Government shall bear the burden of justifying Mr. Hernandez Diaz's detention by clear and convincing evidence." [*Id.* at 8]. The Court also stated that "[i]f Respondents do not provide Mr. Hernandez Diaz with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Mr. Hernandez Diaz must be immediately released from detention." [*Id.*].

A bond hearing was held on September 1, 2026. [Doc. 17 at 4]. At the hearing, Petitioner's attorney withdrew, and the hearing proceeded with Petitioner appearing pro se. [*Id.* at 5]. Prior to withdrawing, Petitioner's attorney submitted evidence titled "Bond Evidence (Dismissal of 2026 DUI Charge)," reflecting a motion to dismiss a pending DUI charge against Petitioner filed by the Adams County District Attorney. [*Id.* a 4]. The motion to dismiss states that "[t]he People have <u>no prima facie case of driving under the influence and are moving to dismiss based on no likelihood of success at trial</u>." [Doc. 17-2 at 2 (emphasis added)].

The immigration judge (the "IJ") issued a written order denying bond, finding that "DHS met its burden to prove by clear and convincing evidence Respondent is a danger to community and does pose a risk flight that no amount of bond can mitigate."[1] [Doc. 17-1 at 4]. Specifically, the IJ held that "Respondent's disregard of the law and the community's safety coupled with the inherently deadly consequences of drinking and driving render his DUI/DWAI conviction and subsequent arrest severe enough that the DHS has shown by clear and convincing evidence that the Respondent is a danger to community," and "Respondent's limited options to lawfully remain in the United States and

[1] The Court notes that Petitioner in this case is referred to as "Respondent" in the bond hearing proceeding. For consistency and clarity, the Court will refer to Mr. Hernandez Diaz as "Petitioner" or "Mr. Hernandez Diaz" in this Order.

the speculative likelihood that an appeal be granted substantially increase his flight risk because he has little incentive to appear for his removal." [*Id.* at 3–4].

Mr. Hernandez Diaz filed the Motion to Enforce on September 26, 2026, arguing that the IJ "entirely ignored essential evidence favorable to the Petitioner" both when considering whether Petitioner was a danger to the community and whether Petitioner was a flight risk. [Doc. 17 at 2]. Respondents do not contest this position, stating that they "are not submitting a brief in opposition to the Motion" and acknowledging that "the Court may then decide to grant the Motion and award appropriate relief." [Doc. 19 at 1]. Petitioner asserts that the appropriate relief is immediate release. [Doc. 17 at 12].

**ANALYSIS**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)).

The INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Section 1226(e) thus "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up). But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)).

Accordingly, the Court's review of Mr. Hernandez Diaz's bond hearing "is limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with" the Court's prior Order. *Trejo v. Bullock*, No. 3:26-cv-00047, 2026 WL 598391, at *2 (E.D. Tenn. Mar. 3, 2026); *see also, e.g.*, *Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)). The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026).

**I. Danger to the Community**

In her "Bond Decision of the Immigration Judge," the IJ concludes that Mr. Hernandez Diaz is a danger to the community by noting that: 1) "On May 9, 2019, Respondent was convicted of Driving under the Influence/Driving While Ability Impaired (DUI/DWAI) and was sentenced to 12 months' probation"; and 2) "On March 8, 2026, Respondent was arrested for a second DUI/DWAI [which] remains pending." [Doc. 17-1 at 3]. The IJ then focuses her analysis on the dangers of drunk driving, stating that "[t]he United States Supreme Court has repeatedly underscored the manner in which people who drive under the influence of alcohol endanger the welfare of the community, causing death and serious injury" and citing to several Supreme Court cases discussing the danger of drunk driving. [*Id.*]. She concludes her analysis by reciting Petitioner's prior DUI/DWAI conviction and subsequent arrest. *See* [*id.*]. Petitioner challenges this conclusion, noting the pending motion to dismiss the 2026 DUI/DWAI charge and arguing

that the IJ failed to "discuss [the] powerful exculpatory evidence, or request that DHS—the party bearing the high burden of proof—address . . . the evidence." [Doc. 17 at 8].

While the Court cannot and does not engage in appellate review of an IJ's discretionary detention determinations, *see Jennings*, 583 U.S. at 295, the Court can "review the nature and structure of [an IJ's] opinion for the minimal indicia of due process," *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026). "The due process requirement that the nature and duration of confinement bear some reasonable relation to the purpose of the individual's commitment necessarily means the bond decision must be individualized." *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, 839 F. Supp. 3d 1170, 1183 (M.D. Ga. 2026); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, [a noncitizen] . . . has the right to an individualized determination of his or her interests." (cleaned up)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ 'must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community.'" *de Souza Almeida v. Lowe*, No. 4:26-cv-01750, 2026 WL 2943125, at *3 (M.D. Pa. Sept. 30, 2026) (quoting *Santos v. Lowe*, No. 1:18-cv-01553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)).

Here, the Court finds that the IJ's patent failure to address Petitioner's specific circumstances—namely, the motion to dismiss asserting a lack of evidence to support Petitioner's 2026 DUI/DWAI charge—"indicate[s] an absence of the individualization required by due process." *Lopez*, 830 F. Supp. 3d at 1368. It is clear that the IJ based her determination on both the 2019 DUI/DWAI conviction and the second DUI/DWAI *arrest*. [Doc. 17-1 at 3]. But there is no discussion reflecting the IJ's determination that

the second *arrest* was relevant in the face of an unequivocal admission by the Adams County District Attorney that "the People have no prima facie case of driving under the influence and are moving to dismiss based on no likelihood of success at trial." [Doc. 17-2 at 2 (emphasis added)]. And there is no explanation by the IJ that even without considering the second arrest, she would have arrived at the same determination. *See* [Doc. 17-1]. Instead, the IJ's decision includes a generic discussion regarding the dangers of impaired driving, ending with a recitation of Mr. Hernandez Diaz's 2019 conviction and 2026 arrest. While the Court does not suggest how the IJ should weigh the evidence, the IJ's failure to acknowledge the record evidence reflects a failure to make the individualized determination that due process requires.

Moreover, this Court ordered a bond hearing where the Government had the burden of proving, by clear and convincing evidence, that Mr. Hernandez Diaz's continued detention is justified. [Doc. 14 at 9]. "The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." *Addington v. Texas*, 441 U.S. 418, 423 (1979) (quotation omitted). "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024) (quoting *Florida v. Georgia*, 592 U.S. 433, 438–39 (2021)). "Although an IJ is not required to discuss ad nauseum every piece of evidence, she still has an obligation to give reasoned consideration to the evidence as a whole, make supportable findings, and adequately

explain her reasoning." *Motylev v. Strafford Cnty. Dep't of Corr.*, No. 1:26-cv-00103-SE-AJ, 2026 WL 2516939, at *2 (D.N.H. Aug. 5, 2026) (cleaned up).

The IJ's lack of even acknowledgment of the motion to dismiss, and any weighing of it, makes it impossible for the Court to discern that the Government met its burden of proof as to danger to the community. Thus, "support for the actual application of the clear and convincing standard is lacking." *Tzompa Garcia v. Baltazar*, No. 26-cv-02713-RMR, 2026 WL 2240137, at *2 (D. Colo. Aug. 4, 2026) (holding that a "list of the Petitioner's prior criminal history," without a recitation of the "precise evidence . . . deemed sufficient to satisfy the heavy burden of proving [petitioner] is a danger to the community," is not enough to show that the government satisfied its burden).

**II. Flight Risk**

The IJ's flight risk analysis fails for similar reasons. In her Bond Decision, the IJ finds the Petitioner is a flight risk because "Respondent has no future hearings with the Court" and "Respondent's limited options to lawfully remain in the United States and the speculative likelihood that an appeal be granted substantially increase his flight risk because he has little incentive to appear for his removal." [Doc. 17-1 at 4]. Petitioner asserts that "the IJ did not weigh . . . *at all*" the evidence of Petitioner's strong family ties as well as his pending application for adjustment of status through his U.S. citizen spouse. [Doc. 17 at 10].

Without engaging with Petitioner's arguments that invite the Court to weigh evidence, which is beyond this Court's jurisdiction, the Court once again finds that the IJ failed to make an individualized determination as required by due process. The IJ presumes that because Petitioner has "limited options to lawfully remain in the United

States and . . . speculative likelihood that an appeal be granted," he is a flight risk. [Doc. 17-1 at 4]. In *Singh v. Baltazar*, Judge Neureiter held that a finding that the petitioner was a flight risk based primarily on the fact that the petitioner "had been ordered removed and his asylum application had been denied," when applied across-the-board, "would seemingly preclude bond in any case involving detained individuals with removal orders and/or asylum denials." *Singh v. Baltazar*, No. 26-cv-01947-NRN, 2026 WL 2077483, at *2 (D. Colo. July 17, 2026).

The IJ's analysis had "little bearing" on whether the petitioner himself would be likely to abscond if released on bond. *Id*. In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context. Likewise, by relying on the mere fact that Mr. Hernandez Diaz has no future hearings with the court and few legal avenues available to remain in the United States, the IJ created "a categorical presumption of flight risk, which is the opposite of an individualized assessment." *D.Y.E.H.*, 839 F. Supp. 3d at 1184. The IJ's categorical approach does not comply with due process requirements. *See de Souza Almeida*, 2026 WL 2943125, at *3 (recognizing that "[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not" meet due process requirements (cleaned up)); *Farias-Ortega v. Soto*, No. 25-cv-17848-RK, 2026 WL 2671677, at *4 (D.N.J. Sept. 10, 2026) (collecting cases and recognizing that courts have "ruled that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk based solely on

the existence of a removal order and failed to consider a petitioner's individual circumstances").

## III. Appropriate Relief

Upon review of this record and considering all the circumstances of this case, the Court finds that an order of immediate release is warranted. In its prior Order, the Court signaled that if Petitioner did not receive a compliant bond hearing, immediate release would be appropriate. *See* [Doc. 14 at 9 ("If Respondents do not provide Mr. Hernandez Diaz with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Mr. Hernandez Diaz must be immediately released from detention")]. Mr. Hernandez Diaz has now been unconstitutionally detained for at least three months.[2] And even after this Court ruled that Petitioner's constitutional rights had been violated, his due process rights were violated *again* at the deficient bond hearing. The Court sees no reason to order another bond hearing—and risk a third constitutional violation—and prolong the detention that this Court has already determined is unlawful. *See Quiroz Zacarias*, 2026 WL 1092162, at *5 (ordering immediate release and recognizing that "[r]equiring [the petitioner] to undergo yet another" bond hearing "would only add further insult to the constitutional injury to which Petitioner has already been subjected"); *Mendez*, 2026 WL 973077, at *2 (granting immediate release where the bond hearing did not comply with the court's order).

Having granted Petitioner his requested relief, the Court need not reach Petitioner's other arguments.

---

[2] While the Petition fails to state when Mr. Hernandez Diaz's detention began, he has been in detention since the filing of his petition on July 6, 2026. *See* [Doc. 1].

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce Judgement [sic] Pursuant to 28 U.S.C. § 2241 and for Immediate Release [Doc. 17] is **GRANTED**;

(2) Respondent **SHALL RELEASE** Mr. Hernandez Diaz within **48 hours** of the entry of this Order; and

(3) On or before **October 30, 2026,** the Parties shall file a joint status report confirming Mr. Hernandez Diaz's release and informing the Court whether further proceedings are required in this case.

DATED: October 23, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge